[Cite as *Gavran v. Ohio Dept. of Transp.*, 2010-Ohio-6649.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

BRUNO GAVRAN

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION

    Defendant

    Case No. 2010-07032-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION


{¶ 1} Plaintiff, Bruno Gavran, filed this action against defendant, Department of Transportation (ODOT), contending his 2004 Nissan Xterra was damaged as a proximate cause of negligence on the part of ODOT in maintaining hazardous conditions in a roadway construction area on State Route 2 in Lake County. Specifically, plaintiff noted the rear drive shaft, rear stabilizer links, and right lower control arm of his vehicle were damaged as a result of "hitting multiple pot holes (and) a chunk of raised asphalt" on State Route 2 "between Rt. 640 to 91 West Exit." Plaintiff recalled the described damage incident occurred on April 6, 2010 at approximately 6:30 a.m. In his complaint, plaintiff recorded, "I took my vehicle to the dealership where they advised me the construction zone caused all this damage to my car." Plaintiff requested damages in the amount of $1,535.88, the stated cost of replacement parts and related repair expense. The filing fee was paid.

{¶ 2} Defendant acknowledged that the area where plaintiff's stated property damage event occurred was located within the limits of a working construction project

under the control of ODOT contractor, Anthony Allega Cement Contractor/Great Lakes Construction (Allega). Defendant explained this particular construction project "dealt with grading, draining, paving with asphalt concrete on an asphalt concrete base in part, paving with reinforced concrete paving in part, noise barrier, reinforced concrete retaining walls, MSE walls and rehabilitating existing structures between mileposts 3.32 to 7.75 (on State Route 2) in Lake County." Defendant asserted Allega, by contractual agreement, was responsible for roadway damage, occurrences, or mishaps within the construction zone. Therefore, ODOT argued Allega is the proper party defendant in this action. Defendant implied all duties, such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. All work by the contractor was to be performed in accordance with ODOT mandated specifications and requirements and subject to ODOT approval. Furthermore, defendant maintained an onsite personnel presence in the construction project area.

{¶ 3} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for

Case No. 2006-03532-AD          - 3 -          MEMORANDUM DECISION

sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 4} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contention that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with particular construction work. See *Roadway*

*Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

**{¶ 5}**  Alternatively, defendant argued that neither ODOT nor Allega had any knowledge "of the pothole on SR 2 prior to plaintiff's incident."  Defendant related the ODOT Lake County Garage did not receive any calls or complaints regarding any potholes on State Route 2 at the location provided by plaintiff, between State Route 640 and State Route 91 exit.  Defendant asserted "that SR 2 was in good condition at the time and in the general vicinity of plaintiff's incident."  Defendant contended that plaintiff failed to produce evidence establishing his property damage was attributable to either conduct on the part of ODOT or Allega.

**{¶ 6}**  Defendant submitted a letter from Allega representative, Carmen C. Carbone, regarding his knowledge of roadway conditions on State Route 2 at the time and location of plaintiff's incident.  Carbone reported that the potholes on State Route 2 that plaintiff's 2004 Nisan Xterra struck "were not a result of any actions taken by" Allega.  Carbone submitted photographs depicting roadway conditions within the project limits at the time of the incident and observed the photographs "illustrate the conditions of the roadway and bridge" on State Route 2.  Carbone noted, "[t]he pre-existing roadway deterioration and preceding conditions are not the responsibility of Allega."  Carbone submitted documentation showing Allega personnel, at the direction of ODOT, patched potholes on State Route 2 on nine occasions during the first three months of 2010; the last time patching operations were conducted prior to plaintiff's incident was March 9, 2010.  Carbone recalled, all "patching inspected and accepted by ODOT."  Additionally, Carbone provided documentation regarding two instances of owners of the 2005 Nissan Xterra experiencing problems with the drive shaft falling off.

Case No. 2006-03532-AD          - 5 -          MEMORANDUM DECISION

{¶ 7} Plaintiff filed a response expressing his opinion that the documentation provided regarding drive shaft problems on the 2005 Nissan Xterra was fraudulently produced. Furthermore, plaintiff maintained that the photographs submitted depicting roadway conditions on State Route 2 West were not accurate representations of actual roadway conditions. Plaintiff also asserted that the potholes and other defect his vehicle struck on April 6, 2010 were still present on the roadway as of August 2010. Plaintiff insisted all damage to his 2004 Nissan Xterra was caused by unrepaired roadway defects on State Route 2 West on April 6, 2010. Plaintiff provided photographs depicting roadway conditions on State Route 2. The trier of fact, after reviewing all photographs submitted depicting State Route 2 West, finds that the roadway conditions shown exhibit some existing deterioration and multiple pothole patches. The roadway depicted appears rough, but drivable.

{¶ 8} In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from an

unreasonable risk of harm is the precise duty owed by ODOT to the traveling public under both normal traffic and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462.

**{¶ 9}** To prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

**{¶ 10}** Generally, to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. There is no evidence ODOT or Allega had actual notice of the potholes or other defects prior to plaintiff's incident at 6:30 a.m. on April 6, 2010. Therefore, in order to recover plaintiff must produce evidence to prove constructive notice of the defect or negligent maintenance.

**{¶ 11}** "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 47 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set-time standard for the discovery of certain road hazards."

*Bussard* at 4.

{¶ 12} Generally, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. To find constructive notice of a defect, evidence must establish that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD. Ordinarily size of a defect (pothole) is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. There is no evidence ODOT or Allega had constructive notice of any defects on State Route 2.

{¶ 13} Defendant may bear liability if it can be established if some act or omission on the part of ODOT or its agents was the proximate cause of plaintiff's injury. This court, as the trier of fact, determines questions of proximate causation. *Shinaver v.*

*Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 14} "If any injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327. Evidence available tends to point out the roadway was maintained property under ODOT specifications. Plaintiff failed to prove his damage was proximately caused by any negligent act or omission on the part of ODOT or its agents. See *Wachs v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162; *Vanderson v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-09961-AD, 2006-Ohio-7163; *Shiffler v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-07183-AD, 2008-Ohio-1600.

{¶ 15} Plaintiff has failed to produce sufficient evidence to prove that defendant or its agents maintained known hazardous roadway conditions. See *Nicastro v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-09323-AD, 2008-Ohio-4190. Evidence has shown that the repavement project complied with ODOT specifications. Plaintiff has not provided evidence to prove that the roadway area was particularly defective or hazardous to motorists. *Reed v. Ohio Dept. of Transp., Dist 4*, Ct. of Cl. No. 2004-08359-AD, 2005-Ohio-615. Plaintiff has failed to provide sufficient evidence to prove that defendant was negligent in failing to redesign or reconstruct the roadway repavement procedure considering plaintiff's incident appears to be the sole incident in

Case No. 2006-03532-AD                - 9 -                MEMORANDUM DECISION

this area.  See *Koon v. Hoskins*  (Nov. 2, 1993), Franklin App. No. 93AP-642; also, *Cherok v. Dept. of Transp.*, Ct. of Cl. No. 2006-01050-AD, 2006-Ohio-7168.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

BRUNO GAVRAN

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION

    Defendant

Case No. 2010-07032-AD

Deputy Clerk Daniel R. Borchert

<u>ENTRY OF ADMINISTRATIVE DETERMINATION</u>

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Bruno Gavran                          Jolene M. Molitoris, Director
1190 Mohegan Trail                    Department of Transportation
Willoughby, Ohio  44094               1980 West Broad Street
                                      Columbus, Ohio  43223

RDK/laa
8/30
Filed 10/25/10
Sent to S.C. reporter 2/2/11